**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| JACOBO CHAN,<br><br>            Plaintiff,<br><br>    v.<br><br>ORANGE COUNTY, et al.,<br><br>            Defendants. | CASE NO. SA CV 23-00178-CAS (AS)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On January 27, 2023, Jacobo Chan ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (Dkt. No. 1).

The Complaint sues Orange County, Orange County Health Care Agency, Orange County Sheriff's Department, and five individuals, Sheriff Don Barnes, Sergeant N. Spangenberg, Deputy Lynd, Deputy Maldonado, and Deputy Guillen (collectively, "Individual

Defendants") for the Individual Defendants' alleged involvement in denying Plaintiff his medication and treatment. (See Complaint at 1, 3-5). Plaintiff asserts violations of the Fourteenth Amendment Due Process Clause, Eighth Amendment, and Plaintiff's state law rights. (See Complaint at 5). All Individual Defendants are sued in both their individual and official capacities. (Complaint at 3-4).

For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.[1]

## II.

## STANDARD OF REVIEW

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a complaint, or any portion thereof, if the court concludes that the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Id. § 1915A(b); see also id. § 1915(e)(2) ("[The court] shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval from the district judge. McKeever v. Block, 932 F.2d 795, 797-98 (9th Cir. 1991).

2

relief against a defendant who is immune from such relief."); accord Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). In addition, dismissal may be appropriate if a complaint violates Rule 8 of the Federal Rules of Civil Procedure. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

In considering whether to dismiss a complaint, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). Moreover, pro se pleadings are "to be liberally construed" and "held to less stringent standards" than those drafted by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Nevertheless, dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

**III.**

**DISCUSSION**

Plaintiff claims that the Individual Defendants violated his constitutional rights by denying him his medication and treatment after he was transferred to the Orange County Central Men's Jail. (Complaint at 5, 7-10). The Court has reviewed the Complaint under

the aforementioned standards and has concluded the Complaint is deficient and must be dismissed with leave to amend.

A.  **Plaintiff Fails to State Claims Against Orange County, Orange County Health Care Agency, and Orange County Sheriff's Department**

Plaintiff seeks damages from Orange County, Orange County Health Care Agency, and Orange County Sheriff's Department for the actions and/or inactions of the Individual Defendants. A local government entity "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Instead, a municipality, such as Orange County, or the departments and agencies within these entities, is liable under § 1983 only for constitutional violations occurring as the result of an official government policy or custom. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). To prove municipal liability under § 1983, Plaintiff must show both a deprivation of a constitutional right and a departmental policy, custom, or practice that was the "moving force" behind the constitutional violation. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Collins, 503 U.S. at 123 (citation omitted). "[P]roof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents," will not give

rise to liability under § 1983. Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (citation omitted). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Here, Plaintiff fails to allege a constitutional violation pursuant to any policy, custom, or practice of Orange County, Orange County Health Care Agency, or Orange County Sheriff's Department. Therefore, Plaintiffs' allegations are insufficient to establish municipal liability, and any claims against Orange County, Orange County Health Care Agency, and Orange County Sheriff's Department are dismissed with leave to amend.

**B. Plaintiff Fails to State a Claim Against Defendants Lynd, Maldonado, Guillen, or Barnes**

Plaintiff fails to state a claim against Defendants Lynd, Maldonado, Guillen, or Barnes in their individual capacities. "[A] public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights." Baker v. McCollan, 443 U.S. 137, 142 (1979) (citation and internal quotation marks omitted) (emphasis in original); Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Id.; see also Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir.

1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Here, with the exception of Defendant Spangenberg, Plaintiff has not alleged facts demonstrating Defendants were "the actual and proximate cause of any constitutional violation." Leer, 844 F.2d at 634. That is, Plaintiff has not explained how Defendants Lynd, Maldonado, or Guillen violated his constitutional rights. Rather, Plaintiff merely states that Defendants Lynd, Maldonado, and Guillen were present when Defendant Spangenberg said that he would not process Plaintiff's grievance regarding his medication, and Defendant Lynd indicated that the Orange County Jail would not necessarily continue Plaintiff's medication and treatment. (Complaint at 8-9). In any amended complaint, Plaintiff should name as Defendants only those individuals he believes were the cause of his injuries.

To the extent Plaintiff alleges claims against Defendant Barnes based on his status as a supervisor, they also fail as a matter of law. Liability under § 1983 cannot be predicated on a theory of respondeat superior, or vicarious liability, which makes a supervisor liable for the wrongful acts of his or her subordinates. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Peralta v. Dillard, 744 F.3d 1076, 1085 (9th Cir. 2014) (en banc), ("Supervisors aren't vicariously liable for constitutional

violations under section 1983."). To be held liable, a supervising officer must personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citation and alterations omitted). In other words, a supervisor is liable for subordinates' constitutional violations only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Again, Plaintiff fails to provide any evidence that Defendants Lynd, Maldonado, Guillen, or Barnes acted personally to violate his constitutional rights. Rather, Plaintiff merely alleges that Defendants Lynd, Maldonado, and Guillen "carried out the actions complained of, in the course and scope of [their] employment and duties as. . . jail deput[ies]," and Defendant Barnes "is the chief policymaker for the Orange County Sheriff's Department and is responsible for the county jail's daily operations." (Complaint at 3-4).

Because the Complaint includes insufficient factual allegations in support of these mere legal conclusions, Plaintiff's claims against Defendants Lynd, Maldonado, Guillen, and Barnes are dismissed with leave to amend.

C.   **Plaintiff Fails to State an Official-Capacity Claim**

Plaintiff names the Individual Defendants in both their individual and official capacities. (Complaint at 3-4). Official capacity claims are "another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Monell, 436 U.S. at 690 n. 55). Thus, Plaintiff's claims against the Individual Defendants in their official capacities are effectively claims against Orange County and Orange County Sheriff's Department.

Because official-capacity claims are treated as suits against the entity, it is redundant to name multiple defendants of the same agency in their official capacity. See, e.g., Rosas v. Baca, 2012 WL 933609, at *2 (C.D. Cal. Mar. 20, 2012) (dismissing claims against three of four individual defendants sued in their official capacities as duplicative); Thomas v. Baca, 2006 WL 132078, at *1 (C.D. Cal Jan. 13, 2006) (dismissing claims against six of seven individual defendants sued in their official capacities as duplicative). Since Plaintiff names Orange County and Orange County Sheriff's Department as Defendants, any claims against the Individual Defendants in their official capacity are redundant and subject to dismissal.

Moreover, as explained in Section III.A., supra, any claims against Orange County and Orange County Sheriff's Department fail because municipalities cannot be held liable under § 1983 merely for the acts of its employees or subordinates, unless Plaintiff

8

alleges facts showing that the alleged conduct was caused by any custom, policy, or practice of the County or its departments. See Monell, 436 U.S. at 694.

**IV.**

**CONCLUSION**

For the reasons discussed above, the Court DISMISSES Plaintiff's claims WITH LEAVE TO AMEND.

If Plaintiff still wishes to pursue this action, he shall file a First Amended Complaint no later than 30 days from the date of this Order. The First Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to prior pleadings. See L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading."). This means that Plaintiff must allege and plead any viable claims again.

In any amended complaint, Plaintiff should identify the nature of each separate legal claim and confine his allegations to those operative facts supporting each of his claims. For each separate legal claim, Plaintiff should state the civil right that has been violated and the supporting facts for that claim only. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." However, Plaintiff is advised that the

allegations in the First Amended Complaint should be consistent with the authorities discussed above.  In addition, the First Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the previously filed complaints.  Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884, 891 (9th Cir. 2019) ("The failure of the plaintiff eventually to respond to the court's ultimatum - either by amending the complaint or by indicating to the court that it will not do so - is properly met with the sanction of a Rule 41(b) dismissal.") (citing <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004) (emphasis omitted).  Plaintiff is further advised that if he no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he may voluntarily dismiss all or any part of this action by filing a Notice of

//

//

Dismissal in accordance with Federal Rule of Civil Procedure
41(a)(1). A form Notice of Dismissal is attached for Plaintiff's
convenience.

**IT IS SO ORDERED.**

Dated: April 6, 2023

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE